UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELAINE L. CHAO, SECRETARY OF LABOR,)
UNITED STATES DEPARTMENT OF LABOR, )
                      Plaintiff,  )  CIVIL ACTION FILE
                              )  No. 05-2424-KHV
    v.                         )
                              )
DOS REALES, INC. d/b/a DOS REALES  )
AUTHENTIC MEXICAN RESTAURANT, SOL  )
AZTECA MEXICA GRILL, INC. AND     )
ALVARO QUEZADA, individually,      )
                 Defendants.  )

## JUDGMENT

Plaintiff having filed her complaint, and Defendants having agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for the Plaintiff, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, in any of the following manners:

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the

production of goods for commerce, wages at rates not less than $5.15 per hour an hour, or any rate subsequently made applicable by amendment to the Act, or pursuant to section 3(m) of the Act for their tipped employees.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in commerce or in the production of goods for commerce, or their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover from Defendants the sum of $287,000.00 in unpaid minimum wage and overtime compensation for workweeks ending July 7, 2001, through workweeks ending April 3, 2004, for Defendants' employees listed in Exhibit A, plus post-judgment interest as authorized by 28 U.S.C. § 1961.

2

Upon receipt of full payment from Defendants, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of the Plaintiff shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the Act. Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act; nor shall Defendants or any one acting on their behalf retaliate against any employee recovering back wages under this Judgment by paying said

3

employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by Defendants for the job titles or duties such employee is performing or will be assigned to perform.  Defendants will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

Each party shall bear his, her or its own attorneys' fees, costs and other expenses incurred by such party to date in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

The Court directs the entry of this Consent Judgment as a final Order.

Dated this __13th__ day of ____April_____, 2006.


s/ Kathryn H. Vratil
_____
United States District Judge

4

Entry of this judgment
is hereby consented to:

ALVARO QUEZADA, an individual

By
    Alvaro Quezada
    7311 Hauser Drive
    Shawnee, KS 66216-4137
    Defendant

Dos Reales, Inc. d/b/a Dos Reales Authentic Mexican
Restaurant
Sol Azteca Mexica Grill, Inc.

By
    Thomas Richard Rehorn, III
    KS Bar #13382
    827 Armstrong Avenue, Suite 103
    Kansas City, Kansas 66101
    Attorney for Defendants

APPROVED:

Howard M. Radzely
Solicitor of Labor
D.C. Bar #437957

Michael A. Stabler
MO Bar #26211
Regional Solicitor

Malinda B. Schoeb
KS Bar #10074
Counsel for Wage and Hour

Kim Prichard Flores
Maryland Bar
Attorney
1210 City Center Square
1100 Main Street
Kansas City, MO 64105-5148

U.S. Department of Labor
Attorneys for Plaintiff

**EXHIBIT A**

Aguirre, Luis E.

Anguiano, Angelica

Arreola, Jose Antonio

Arriaga, J. Felipe F.

Broz, Katrina M.

Butler, Kristin M.

Cadena, Jessica

Cabral, Alonzo

Cardenas, Adriana

Cardenas, Eliseo

Castro, Reynaldo

Chavez, Teresa

Corona, Benjamin Villa

Corona, Juan Gabriel

Corona, Julio

Corona, Samuel

Cortez-Porter, Victor H.

Flores, Diana

Gomez, Barbara E.

Gomez, Bonifacio

Guevara, Blanca

Guevara, Mirna

Hernandez, Graciela

6

Holguin, M. Teresa

Hurtado, Francisco

Jiminez, Saul

Juarez, Roberto

Kaczynski, Andrew A.

Lopez Mata, Marielena

Lopez, Sylvester

Macias, Cristoval

Maldonado, Mercy

Martinez, Alejandro

Mendiola, Guadelupe M.

Mendiola, Javier

Mercado, Maria

Morales, Rodrigo

Morales-Castaneda, Yolanda

Munguea, Armando

Munoz, Juan

Naranjo, Domingo

Nunez, David

Olivares, Gerardo

Oyola, Belinda E.

Perez, Alicia

Perez, Israel

Perez, Luis R.

Perez, Oracio H.

Ramos, Araceli

Ramos, Carlos

Ramos, Carlos

Guillermo Ramos

Robles, Manuel

Rubio-Nunez, Maribel

Segoviano, Martin

Shoonover, Nicole L.

Steele, Traves J.

Terrazas, Victor M.

Valverde, Rafael

Velasquez, Gustavo

Velasco, Stephanie

Villaltando, Maria Elena

Zirkle, Laura J.